MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
MARDOQUEO ABILIO MENDEZ MEJIA,
*individually and on behalf of others similarly*
*situated,*

                                     *Plaintiff*,

               -against-

CJFOUR INC.   (D/B/A KORI TRIBECA),
TONGHAN KIM, JANET J KIM, JENNIFER
DOE, and KORI LIM,

                            *Defendants.*

-----------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

        Plaintiff Mardoqueo Abilio Mendez Mejia ("Plaintiff Mendez" or "Mr. Mendez"),

individually and on behalf of others similarly situated, by and through his attorneys, Michael

Faillace & Associates, P.C., upon his knowledge and belief, and as against CJFour Inc. (d/b/a Kori

Tribeca), ("Defendant Corporation"), Tonghan Kim,  Janet J Kim, Jennifer Doe and  Kori Lim,

("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

        1.     Plaintiff Mendez is a former employee of Defendants CJFour Inc. (d/b/a Kori

Tribeca), Tonghan Kim, Janet J Kim, Jennifer Doe and Kori Lim.

        2.     Defendants own, operate, or control a Korean restaurant, located at 253 Church

Street, New York, New York 10013 under the name "Kori Tribeca".

3.     Upon information and belief, individual Defendants Tonghan Kim, Janet J Kim, Jennifer Doe and Kori Lim, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.     Plaintiff Mendez was an employee of Defendants.

5.     Plaintiff Mendez was employed as a dishwasher and a delivery worker at the restaurant located at 253 Church Street, New York, New York 10013.

6.      Plaintiff Mendez was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to dishwashing, stocking deliveries, cleaning, and preparing food hereafter the ("non-tipped duties").

7.     At all times relevant to this Complaint, Plaintiff Mendez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

8.     Rather, Defendants failed to pay Plaintiff Mendez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.     Further, Defendants failed to pay Plaintiff Mendez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

10.    Defendants employed and accounted for Plaintiff Mendez as a  delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing non-tipped duties alleged above.

11.    Regardless, at all relevant times, Defendants paid Plaintiff Mendez at a rate that was lower than the required tip-credit rate.

12.    However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Mendez's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Mendez's actual duties in payroll records by designating him as  a delivery worker instead of a non-tipped employees. This allowed Defendants to avoid paying Plaintiff Mendez at the minimum wage rate and enabled them to pay him at the lower tip-credit rate (which they still failed to do).

14.    In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Mendez's and other tipped employees' tips and made unlawful deductions from Plaintiff Mendez's and other tipped employees' wages.

15.    Defendants' conduct extended beyond Plaintiff Mendez to all other similarly situated employees.

16.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mendez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

17.    Plaintiff Mendez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6

(herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

18.    Plaintiff Mendez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

19.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Mendez's state law claims under 28 U.S.C. § 1367(a).

20.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Korean restaurant located in this district. Further, Plaintiff Mendez was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

21.    Plaintiff Mardoqueo Abilio Mendez Mejia ("Plaintiff Mendez" or "Mr. Mendez") is an adult individual residing in Queens County, New York.

22.    Plaintiff Mendez was employed by Defendants at Kori Tribeca from approximately December 2014 until on or about May 4, 2018.

23.    Plaintiff Mendez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

24.    At all relevant times, Defendants own, operate, or control a Korean restaurant, located at 253 Church Street, New York, New York 10013 under the name "Kori Tribeca".

25.    Upon information and belief, CJFour Inc. (d/b/a Kori Tribeca) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 253 Church Street, New York, New York 10013.

26.    Defendant Tonghan Kim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Tonghan Kim is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Tonghan Kim possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Mendez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.    Defendant Janet J Kim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Janet J Kim is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Janet J Kim possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Mendez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.   Defendant Jennifer Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jennifer Doe is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jennifer Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Mendez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

29.   Defendant Kori Lim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Kori Lim is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Kori Lim possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Mendez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

30.   Defendants operate a Korean restaurant located in the Tribeca section of Manhattan in New York City.

31.   Individual Defendants, Tonghan Kim, Janet J Kim, Jennifer Doe and Kori Lim, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

32.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

33.    Each Defendant possessed substantial control over Plaintiff Mendez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Mendez, and all similarly situated individuals, referred to herein.

34.    Defendants jointly employed Plaintiff Mendez (and all similarly situated employees) and are Plaintiff Mendez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

35.    In the alternative, Defendants constitute a single employer of Plaintiff Mendez and/or similarly situated individuals.

36.    Upon information and belief, Individual Defendants Tonghan Kim, Janet J Kim, Jennifer Doe and  Kori Lim operate Defendant Corporation as either an alter ego of  themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)   operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)   intermingling assets and debts of their own with Defendant Corporation,

g)   diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)   Other actions evincing a failure to adhere to the corporate form.

37.   At all relevant times, Defendants were Plaintiff Mendez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Mendez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Mendez's services.

38.   In each year from 2014 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39.   In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

40.   Plaintiff Mendez is a former employee of Defendants who was employed as a dishwasher and ostensibly as a  delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

41.   Plaintiff Mendez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Mardoqueo Abilio Mendez Mejia*

42.   Plaintiff Mendez was employed by Defendants from approximately December 2014 until on or about May 4, 2018.

43.   Defendants employed Plaintiff Mendez as a dishwasher and ostensibly as a delivery worker.

44.   However, Plaintiff Mendez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

45.   Although Plaintiff Mendez ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

46.   Plaintiff Mendez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

47.   Plaintiff Mendez's work duties required neither discretion nor independent judgment.

48.   Throughout his employment with Defendants, Plaintiff Mendez regularly worked in excess of 40 hours per week.

49.   From approximately December 2014 until on or about May 4, 2018, Plaintiff Mendez worked as a dishwasher and a delivery worker from approximately 11:00 a.m. until on or about 10:00 p.m., Mondays through Wednesdays, from approximately 11:00 a.m. until on or about 10:30 p.m., Thursdays and Fridays, and from approximately 4:00 p.m. until on or about 10:30 p.m., Saturdays (typically 62.5 hours per week).

50.   Throughout his entire employment, Defendants paid Plaintiff Mendez his wages in cash.

51.   From approximately December 2014 until on or about December 2016, Defendants paid Plaintiff Mendez a fixed salary of $450 per week.

52.     From approximately January 2017 until on or about May 4, 2018, Defendants paid Plaintiff Mendez a fixed salary of $475 per week.

53.     Plaintiff Mendez was never notified by Defendants that his tips were being included as an offset for wages.

54.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Mendez's wages.

55.     Defendants withheld a portion of Plaintiff Mendez's tips; specifically, Defendants pocketed 30% of his earned tips.

56.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Mendez regarding overtime and wages under the FLSA and NYLL.

57.     Defendants did not provide Plaintiff Mendez an accurate statement of wages, as required by NYLL 195(3).

58.     Defendants did not give any notice to Plaintiff Mendez, in English and in Spanish (Plaintiff Mendez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59.     Defendants required Plaintiff Mendez to purchase "tools of the trade" with his own funds—including a bicycle and bicycle maintenance.

*Defendants' General Employment Practices*

60.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mendez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

61.    Plaintiff Mendez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

62.    Defendants required Plaintiff Mendez and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers. Plaintiff Mendez and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

63.    Plaintiff Mendez and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

64.    However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Mendez's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

65.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

66.    Plaintiff Mendez's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

67.    In violation of federal and state law as codified above, Defendants classified Plaintiff Mendez and other tipped workers as tipped employees, and paid them at a rate that was lower than

the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

68.    Defendants failed to inform Plaintiff Mendez who received tips that Defendants intended to take a deduction against Plaintiff Mendez's earned wages for tip income, as required by the NYLL before any deduction may be taken.

69.    Defendants failed to inform Plaintiff Mendez who received tips, that his tips were being credited towards the payment of the minimum wage.

70.    Defendants failed to maintain a record of tips earned by Plaintiff Mendez who worked as a delivery worker for the tips he received. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Mendez who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving a delivery worker of a portion of the tips earned during the course of employment.

71.    Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Mendez and other tipped employees, in violation of New York Labor Law § 196-d (2007).

72.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

73.    Plaintiff Mendez was paid his wages in cash.

74.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

75. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Mendez (and similarly situated individuals) worked, and to avoid paying Plaintiff Mendez properly for his full hours worked.

76. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

77. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Mendez and other similarly situated former workers.

78. Defendants failed to provide Plaintiff  Mendez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

79. Defendants failed to provide Plaintiff Mendez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; and the telephone number of the employer, as required by New York

Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

80.    Plaintiff Mendez brings his FLSA minimum wage, overtime compensation, and

liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. §

216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who

are or were employed by Defendants or any of them, on or after the date that is three years before

the filing of the complaint in this case (the "FLSA Class Period").

81.    At all relevant times, Plaintiff Mendez and other members of the FLSA Class were

similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and

plans including willfully failing and refusing to pay them the required minimum wage and

overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per

workweek under the FLSA.

82.    The claims of Plaintiff Mendez stated herein are similar to those of the other

employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

83.    Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth

herein.

84.    At all times relevant to this action, Defendants were Plaintiff Mendez's employers

within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the

power to hire and fire Plaintiff Mendez (and the FLSA Class Members), controlled the terms and

conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

85.   At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

86.   Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

87.   Defendants failed to pay Plaintiff Mendez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

88.   Defendants' failure to pay Plaintiff Mendez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

89.   Plaintiff Mendez (and the FLSA Class members) were damaged in an amount to be determined at trial.

<u>SECOND CAUSE OF ACTION</u>

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

90.   Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth herein.

91.   Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Mendez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92.   Defendants' failure to pay Plaintiff Mendez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

93.   Plaintiff Mendez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

94.     Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth herein.

95.     At all times relevant to this action, Defendants were Plaintiff Mendez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Mendez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

96.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Mendez less than the minimum wage.

97.     Defendants' failure to pay Plaintiff Mendez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

98.     Plaintiff Mendez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

99.     Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth herein.

100.  Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Mendez  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

101. Defendants' failure to pay Plaintiff Mendez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

102. Plaintiff Mendez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

103. Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth herein.

104. Defendants failed to pay Plaintiff Mendez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Mendez's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

105. Defendants' failure to pay Plaintiff Mendez an additional hour's pay for each day Plaintiff Mendez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

106. Plaintiff Mendez was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

107. Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth herein.

108. With each payment of wages, Defendants failed to provide Plaintiff Mendez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or

rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

109.  Defendants are liable to Plaintiff Mendez in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

110.   Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth herein.

111.  Defendants failed to provide Plaintiff Mendez with a written notice, in English and in Spanish (Plaintiff Mendez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

112.  Defendants are liable to Plaintiff Mendez in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

**RECOVERY OF EQUIPMENT COSTS**

113.   Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth herein.

114.   Defendants required Plaintiff Mendez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

115.  Plaintiff Mendez was damaged in an amount to be determined at trial.

**<u>NINTH CAUSE OF ACTION</u>**

**UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION**

**OF THE NEW YORK LABOR LAW**

116.   Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth herein.

117.  At all relevant times, Defendants were Plaintiff Mendez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

118.  New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

119.  Defendants unlawfully misappropriated a portion of Plaintiff Mendez's tips that were received from customers.

120.  Defendants knowingly and intentionally retained a portion of Plaintiff Mendez's tips in violations of the NYLL and supporting Department of Labor Regulations.

121.  Plaintiff Mendez was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mendez respectfully requests that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Mendez and the FLSA Class members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Mendez and the FLSA Class members;

(d)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Mendez and the FLSA Class members;

(e)      Awarding Plaintiff Mendez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)      Awarding Plaintiff Mendez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mendez;

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mendez;

(i)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Mendez;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Mendez's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL and the Spread of Hours Wage Order were willful as to Plaintiff Mendez;

(l)     Awarding Plaintiff Mendez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m)     Awarding Plaintiff Mendez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)     Awarding Plaintiff Mendez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)      Awarding Plaintiff Mendez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Mendez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
        May 10, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      _____/s/ Michael Faillace_____
         Michael Faillace [MF-8436]
         60 East 42nd Street, Suite 4510
         New York, New York 10165
         Telephone: (212) 317-1200
         Facsimile: (212) 317-1620
         *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

**Employment and Litigation Attorneys**

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 9, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Mardoqueo Abilio Mendez Mejia

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      09 de mayo de 2018

*Certified as a minority-owned business in the State of New York*