# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                             Telephone: (212) 317-1200
New York, New York 10165                                                 Facsimile: (212) 317-1620

jandrophy@faillacelaw.com

March 6, 2020

**BY ECF**
Honorable Barbara Moses
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:    *Mendez Mejia v. CJFour Inc., et al.*,
       S.D.N.Y., 18-cv-4199 (BCM)

Your Honor:

This office represents plaintiff Mardoqueo Abilio Mendez Mejia ("Plaintiff") in the above referenced matter. Plaintiff writes to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions including a settlement conference before Your Honor. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

Plaintiff filed his Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq*., spread of hours pursuant to the Hospitality Industry Wage Order of the

New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Specifically, Plaintiff alleges he was employed by Defendants as a dishwasher from approximately February 2015 until May 4, 2018. Throughout his employment, Plaintiff typically worked 57.5 hours per week. Throughout his employment with Defendants, Plaintiff was paid his wages in cash. Plaintiff was paid a fixed salary of $450 per week through December 2016, and $475 per week from January 2017 to May 4, 2018. Mendez also alleges that portions of his tips were withheld by Defendants.

Defendants categorically deny the allegations in the Complaint. Additionally, the restaurant at issue closed in late 2018, and the individual defendants demonstrated that they were not in a financial position to pay a substantial judgment.

## 2. Settlement Terms

Plaintiff alleges he is entitled to back wages of approximately $53,875.00. Plaintiff estimates that if he had recovered in full for his claims, he would be entitled to approximately $180,000 which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. The parties have agreed to settle this action for the total sum of $12,000.00. The settlement will be paid in twenty-four (24) installments.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed

Page 3

settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Defendants maintain that Plaintiff worked less hours and was paid more in wages than he claimed, and were willing to provide witnesses and other evidence to this effect. Defendants also demonstrated with documentation provided before the settlement conference that they were not able to pay a larger settlement or pay the same amount on a faster schedule.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreement with the Plaintiff, Plaintiff's counsel will receive $4,800.00 from the settlement fund as attorneys' fees and costs. This represents forty percent of the recovery in this litigation.

Plaintiff's counsel's lodestar in this case is $11,465.00 total attorneys' fees and costs. A copy of Plaintiff's billing record is attached as "Exhibit B." The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. In this case the Plaintiff's attorneys' lodestar far exceeds the amount of recovery Plaintiff's attorneys will receive. While district courts in this Circuit have commonly limited attorneys' fees to 1/3 of the recovery in FLSA settlements, the Second Circuit

Page 4

Court of Appeals recently rejected such a proportionality rule. *Fisher v. S.D. Prot. Inc.*, 2020 U.S. App. LEXIS 3295, *14-*19 (2d Cir. Feb. 4, 2020). In *Fisher* the Second Circuit reversed a district court's presumption of a 33% limit as an outcome determinative factor on attorneys' fees in FLSA settlements. *Id.* The Second Circuit observed that if plaintiffs' attorneys were limited to such a proportional fee, no rational attorney would take small recovery or "run of the mill" cases and employees would be left will little redress for alleged violations. *Id.* 2020 U.S. App. LEXIS 3295, *17. Here, Plaintiffs' attorneys' lodestar is more than three times the amounts that Plaintiffs' attorneys are to recover from the settlement, and in fact exceeds the settlement amount. Awarding attorneys' fees of 40% of the total settlement is reasonable and in accordance with *Fisher* and with Plaintiffs' retainer agreements with their attorneys.

Given Plaintiff's counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

    i.    Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis, and is indicated by the initials "MF." Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, Faillace was in-house Employment Counsel with International Business Machines Corporation (IBM). Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace,

Page 5

published by Practicing Law Institute (PLI), and other employment law publications and presentations.

  ii. I am Senior Attorney at Michael Faillace & Associates, P.C. I have practiced litigation since 2005, and have concentrated my practice in wage and hour litigation since 2013. I am a graduate of Columbia Law School, 2005. Before joining Michael Faillace & Associates, P.C., I worked for seven years as a commercial and employment litigation associate at Olshan Frome Wolosky. I was named a Super Lawyers Rising Star from 2014 through 2018. My work is indicated by the initials "JA" and billed at the rate of $400 per hour.

  iii. Work performed by paralegals is indicated by the initials "PL" and billed at the rate of $100 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

      Respectfully submitted,

      /s/Joshua S. Androphy
      Joshua S. Androphy
      MICHAEL FAILLACE & ASSOCIATES, P.C.
      Attorneys for the Plaintiff

Enclosures

455486v1